UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
      :
**UNITED STATES OF AMERICA**,
      :
             Plaintiff,
      :  **MEMORANDUM DECISION AND**
     – against –
        **ORDER**
**DONALD WARREN**,
      :
      16-CR-102 (AMD)
      :
             Defendant.
      :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        On March 20, 2017, the defendant pled guilty to one count of carjacking (Count Three), in violation of 18 U.S.C. § 2119, and one count of unlawful use and discharge of a firearm (Count Four), in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 13; *ECF Minute Entry dated Mar. 20, 2017.*) The Court sentenced him on September 14, 2017 to a sentence of 217 months in prison and three years of supervised release. (*ECF Minute Entry dated Sept. 14, 2017.*) Before the Court is the defendant's motion to reduce his sentence based on an amendment to the United States Sentencing Guidelines, which changes the defendant's criminal history category from category IV to category III and reduces the applicable Guidelines range from 204 to 225 months to 190 to 207 months. (ECF Nos. 60, 63.) The government agrees that the defendant is eligible for resentencing, but argues that the 18 U.S.C. § 3553(a) factors militate against reducing the defendant's sentence. (ECF No. 62.) As explained below, the Court denies the motion.

## BACKGROUND

        On March 20, 2017, the defendant pled guilty to carjacking, in violation of 18 U.S.C. § 2119, and unlawful use and discharge of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A). (*ECF Minute Entry dated Mar. 20, 2017.*) At the sentencing on September 14, 2017, the Court first calculated the guidelines range in effect at the time. The parties agreed that the appropriate

Guidelines range was 204 to 225 months; 84 to 105 months for the carjacking and a consecutive 120-month term for the 924(c)(1)(A) conviction. (Sentencing Tr. 28:24–29:5.) As part of its evaluation of the 3553(a) factors, the Court considered the defendant's criminal history and the details of the crimes which included multiple violent felonies. For example, the defendant was convicted in New York state court as a persistent violent felony offender for multiple gunpoint robberies. (*Id.* 41:14-19.) He committed the series of robberies in this case approximately two years after his release from prison on the state case. (*Id.*) As the Court noted, the conduct in this case — another series of violent gunpoint robberies — was a continuation of the defendant's prior conduct. (*Id.* 41:19-20.)

The Court also took into account the details of the crimes for which the defendant was being sentenced — robberies that were "especially appalling." (*Id.* 42:5-6.) In the course of only thirty days, the defendant committed two armed carjackings and an armed robbery targeting four different victims. The defendant and his accomplice forced one man from his car, pistol-whipped him, threatened to shoot him and stole his car and wallet. (ECF No. 29, Pre-Sentence Investigation Report ("PSR") ¶¶ 11–14; Sentencing Tr. 38:23-25.) Just two weeks later, he held a woman at gunpoint and stole her money and jewelry. (ECF No. 29, PSR ¶¶ 15–16; Sentencing Tr. 38:25–39:2.) The most violent attack was on a young woman and her mother. As the 23-year-old victim waited for her mother, the defendant got into her car, pistol-whipped her and took her jewelry. (ECF No. 29, PSR ¶¶ 17–22; Sentencing Tr. 39:2-4.) When that victim's mother confronted the defendant, he shot her in the chest. (*Id.*) Miraculously, she survived, but as she described in vivid detail at the sentencing, the defendant's attack left life-long scars — physical and psychological — on both victims. (Sentencing Tr. 15:2–19:21.)

2

The Court also considered mitigating factors. The defendant took responsibility for his actions by pleading guilty. (*Id.* 41:8-10.) His apology to the victims was heartfelt and sincere. (*Id.* 41:6-8.) The Court also considered his own difficult background — a life-long cycle of drug addiction and incarceration. (*Id.* 40:24–41:10.) The Court determined that the appropriate sentence under these circumstances was consecutive sentences totaling 217 months: 97 months for the carjacking and 120 months for unlawful use and discharge of a firearm. (*Id.* 43; ECF No. 36 at 3.)

**DISCUSSION**

A defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move to have his sentence reduced under 18 U.S.C. § 3582(c)(2). A court determining whether a reduction is warranted begins by calculating "the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)). If the revised Guidelines range allows for a reduction, the court may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3553 "address[es] 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). A court may also consider the defendant's "post-sentencing conduct" in determining whether a reduced sentence is warranted. U.S.S.G. § 1B1.10, cmt. 1.B(iii). But "while post-sentence rehabilitative efforts may be considered by a court, they are not required to

be considered (unlike the § 3553(a) factors and dangerousness risks)." *United States v. Diggs*, 718 F. Supp. 3d 298, 299–300 (W.D.N.Y. 2024).

Citing Amendment 821 to the Guidelines, which limited the impact of "status points" in calculating a defendant's criminal history status, the defendant asks the Court to reduce his sentence. (ECF No. 60 at 1–2.)[1] As relevant here, Amendment 821 "decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points." *United States v. Torres*, No. 06-CR-987, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024). The parties agree that the defendant is eligible for a modified sentence because his "criminal history score" would be reduced "from eight to six points" and "his [criminal history category] from IV to III," resulting in a revised Guidelines range of 70 to 87 months for Count Three. (ECF No. 62 at 1; ECF No. 63 at 1.)

In addition to citing the amendment, the defendant asks the Court to consider his record since the sentence. He has completed educational and vocational programs, and has only one relatively minor infraction. (ECF No. 63 at 2.) Moreover, the defendant suffered the hardships of the COVID pandemic, and is now in his 60s. These circumstances, the defendant argues, are independent bases for a sentence reduction. (*Id.*)

The government responds that aside from the amendment, "nothing has changed that warrants a reduction" of the defendant's sentence. (ECF No. 62 at 3.) The fact that the defendant was on parole when he committed these crimes "continues to maintain independent weight under the Section 3553(a) factors." (*Id.*) The government also points out that the amended calculation of the defendant's criminal history category "significantly underrepresents"

---

[1] Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. *See* U.S.S.G. § 1B1.10(d).

his "lengthy and violent criminal history," which includes "ten prior convictions, many of which were for violent crimes." (*Id.* at 4.)[2]

After "re-reviewing the record of this case and carefully consider[ing] anew all of the § 3553(a) factors that [were] originally considered at sentencing," *United States v. Perez*, No. 22-CR-122, 2024 WL 2293828, at *2 (E.D.N.Y. May 21, 2024) (citation and quotations omitted), the Court declines to reduce the defendant's sentence. The Court's decision in guided in part by 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C), which require the Court to impose a sentence that "promote[s] respect for the law," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant." In making its determination, the Court must consider the extreme and violent nature of the defendant's crimes. Over the course of thirty days, he terrorized four victims; he held them at gunpoint, threatened to kill them, and stole their property. (ECF No. 29, PSR ¶¶ 11–13.) The last attack — on a young woman and her mother — was especially egregious. The defendant pistol-whipped the young woman, and when her mother came to defend her, the defendant shot her in the chest. (*Id.* ¶¶ 17–22.) *See United States v. Elendu*, No. 20-CR-179, 2024 WL 458643, at *3 (S.D.N.Y. Feb. 6, 2024) (finding that a reduction in sentence was not warranted where, in part, the defendant's "conduct was egregious and there was a significant need for individual deterrence"). To be sure, "Amendment 821 reflects the Sentencing Commission's updated view on appropriate sentences for defendants who commit offenses while serving criminal sentences," but the fact that the defendant committed these crimes while he was on parole for another series of violent crimes is "still relevant to the Court's consideration of an adequate sentence that 'promote[s] respect for

---

[2] The defendant's criminal history was underrepresented because some of the convictions were "too old to be counted or only count as one sentence because under the Guidelines because they were imposed on the same day." (ECF No. 62 at 4.)

5

the law' and 'afford[s] adequate deterrence to criminal conduct.'" *United States v. Lucas*, No. 22-CR-290, 2024 WL 3718658, at *3 (E.D.N.Y. Aug. 8, 2024) (denying motion for reduction in sentence in part because the original sentence was "necessary to deter future criminal conduct and protect the public from further crimes" given the defendant's criminal history).

Nothing in the Court's opinion is meant to diminish the defendant's efforts at self-improvement during his incarceration, which has surely been difficult, especially during the pandemic. In addition, the defendant's remorse for his crimes was sincere and heartfelt. Nevertheless, under all the circumstances, the sentence of 217 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## CONCLUSION

For these reasons, the Court denies the defendant's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      October 6, 2025